IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSIE JAIMES,

                Plaintiff,          Case No. 3:74 CV 68

  -vs-

                                   MEMORANDUM OPINION

TOLEDO METROPOLITAN
HOUSING AUTHORITY, et al.,

                Defendant.

KATZ, J.

      This matter is before the Court on the Motion for Relief (Doc. No. 247) of the Defendant Department of Housing and Urban Development ("HUD"). The Court notes federal question jurisdiction under 28 U.S.C. §1331 and proper venue under 28 U.S.C. §1391. For the reasons stated below, HUD's motion will be denied

### I. BACKGROUND

      Plaintiffs filed this class action lawsuit in 1974. The four named plaintiffs originally claimed racial discrimination against the Toledo Metropolitan Housing Authority in the provision of housing assistance in Lucas County, specifically segregation. Following certification of the class Plaintiffs amended their complaint to add HUD as a defendant. The Toledo Metropolitan Housing Authority has since been replaced by the Lucas Metropolitan Housing Authority ("LMHA"), which continues as a defendant in the case.[1]

---

[1] The Complaint and Amended Complaint also included several individuals. They have never been separately represented and any relief sought has been inseparable from the institutional relief sought. Therefore, the Court will not refer to these individual Defendants separately from the organization (HUD and LMHA) with which they are affiliated.

Following a trial, the Court found Defendants liable for racial segregation. The Sixth Circuit affirmed this finding and the need for a corrective plan, though it rejected certain other findings and remedies no longer at issue. *Jaimes v. Toledo Metro. Hous. Auth.*, 758 F.2d 1086 (6th Cir. 1985) ("*Jaimes I*"). When Defendants appealed from the Affirmative Action Plan (the "Plan") formulated by the Court, the Sixth Circuit affirmed the Plan, with some adjustments, but remanded for specific findings on the extent of HUD's liability. *Jaimes v. Toledo Metro. Hous. Auth.*, 833 F.2d 1203 (6th Cir. 1987) ("*Jaimes II*"). After amending the Plan in response to *Jaimes II* (Doc. No. 167), the Court specifically found that HUD was liable and subject to the Plan. *Jaimes v. Toledo Metro. Hous. Auth.*, 715 F.Supp. 835 (N.D. Ohio 1989) ("*Jaimes III*"). HUD dropped its appeal from *Jaimes III*.

In 2011, after the Plan had operated for over twenty years, Plaintiffs moved to amend it. Doc. No. 231. The parties then filed a stipulated plan, which the Court adopted, for consideration of three threshold issues before Plaintiff's motion can be addressed. The three issues are the effect of an order this Court issued on August 28, 2000 (Doc. No. 239), the effect of *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) ("*SUWA*") on waiver of sovereign immunity under the Administrative Procedure Act ("APA"), and the effect of changed circumstances on the named plaintiffs' ability to maintain this action. HUD incorporated these three issues into its motion.

## II. STANDARDS

Though HUD did not mention FED. R. CIV. P. 60(b) ("Rule 60(b)") until its reply (Doc. No. 255), the Court has determined that Rule 60(b) provides the appropriate standards for addressing all of the arguments related to the APA and *SUWA*, rather than law of the case and *res judicata*. HUD invokes Rule 60(b)(4-6) which states "the court may relieve a party or its legal

representative from a final judgment, order or proceeding for the following reasons ... (4) the judgment is void; (5) the judgment has been satisfied ... or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." As the movant, HUD bears the burden of demonstrating that Rule 60(b) applies. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) (*citing Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957)).

### III. ANALYSIS

*A. The August 28, 2000 Order*

HUD, alluding to Rule 60(b)(5), first asserts that this Court found that the goals of the Plan had been satisfied by stating that the situation demonstrated in "the 2000 Annual Review of Racial Composition of LMHA Housing comports with the objectives for racial composition ... decreed by previous order of this Court." Doc. No. 239. HUD attempts to shoehorn this language into the Plan term stating that it "shall continue until the court finds that its goal has been accomplished or upon a motion of either party followed by a hearing on the issue." Doc. No. 167 at 7 (applying *Jaimes II*, 833 F.2d at 1207). Rather than stating that those goals had been "accomplished," thereby terminating the Plan through satisfaction, the Court was merely noting that Defendants were complying with the Plan and moving toward satisfaction as of the 2000 Annual Review. Even now, over a decade after the order HUD claims found satisfaction under the Plan, the Court has yet to find that the goals of the Plan have been accomplished.

*B. Effects of the SUWA Decision*

The gist of HUD's arguments concerning the effect of *SUWA* is that Plaintiffs would no longer satisfy an exception to HUD's sovereign immunity and so HUD should be released from a judgment entered at a time when Plaintiffs clearly satisfied the exception. Not only does HUD fail

3

to show that the change in law justifies relief from judgment, but it has not even shown that Plaintiffs would no longer be able to satisfy the exception to sovereign immunity following *SUWA*.

First, HUD notes that it could obtain relief under Rule 60(b)(4) if the judgment is void because "the rendering court lacked subject matter jurisdiction." *G.A.D.*, 340 F.3d at 335 (*citing Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)). However, such "a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute 'a total want of jurisdiction,' or 'no arguable basis' for jurisdiction existed." *Id.* at 336 (quotations omitted). HUD does not argue that the Court did not have jurisdiction when it adopted the Plan or entered the *Jaimes III* decision. Further, by focusing on *SUWA*, HUD essentially admits that the Court did have jurisdiction, especially when coupled with HUD's abandoned appeal. Even if the Supreme Court in *SUWA* stated that its 2004 holding related to matters decided in 1989 and earlier, HUD cannot show that the Court, at the time it rendered its decisions, in 1989 and earlier, did not have an arguable basis for jurisdiction because of a holding fifteen years in the future. Thus, HUD is not relieved from the Plan due to voidness of the judgment.

Second, HUD claims that because of a change in law, *SUWA*, the Plan cannot be equitably applied to HUD prospectively under Rule 60(b)(5). In such a motion, "a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 129 S.Ct. 2579, 2593 (2009) (*quoting Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). HUD clearly notes that it thinks that *SUWA* is an appropriate change in law, but never actually mentions anything "detrimental to the public interest." At best, this leaves the

4

Court to consider the public interest in the funds HUD must expend under the Plan. However, even considering that factor, there is insufficient detriment to compare to the "compelling governmental interest" of "[r]emedying the manifestations of past discrimination." *Jaimes II*, 833 F.2d at 1207. Without showing a detriment to the public interest, HUD's arguments concerning a change in law fail to demonstrate sufficient reason to relieve it from judgment under Rule 60(b)(5).

Third, HUD invokes the catch-all provision, Rule 60(b)(6), reiterating its sovereign immunity argument. However, Rule 60(b)(6) has an "additional requirement that 'something more' than one of the grounds contained in subsections (1) through (5) be shown for relief under this section." *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (*citing Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Rather than mention "something more," HUD only notes that which it noted above under Rule 60(b)(4-5). Thus, HUD is not entitled to relief from the Plan under Rule 60(b)(6).

Because HUD's Rule 60(b) arguments fail, it has not shown the right to argue the effect of *SUWA* on the application of the APA in this case. However, even if HUD could argue this issue, its arguments fail. HUD accurately notes that in the Supreme Court narrowed the exception to sovereign immunity based on 5 U.S.C. §706(1) ("§706(1)") (action to "compel agency action unlawfully withheld or unreasonably delayed") to suits "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *SUWA*, 542 U.S. at 64 (emphasis in original). However, *SUWA* does not effect 5 U.S.C. §706(2) (§706(2)") (action to "hold unlawful and set aside agency action, findings, and conclusions").

5

HUD claims that this case involves only §706(1) because it was ordered to do something, rather than stop doing something. This argument confuses the difference between a claim and a remedy and ignores the language of the decisions in this case and the Amended Complaint. *See e.g. Jaimes I*, 758 F.2d at 1091, 1094, 1100 ("that LMHA and HUD intentionally placed the housing projects discussed in minority areas of the City of Toledo;" "Plaintiffs' first and major contention is that LMHA and HUD have restricted public housing to the City of Toledo;" and "Plaintiffs challenge directly the actions of HUD in setting rentals too low to foster adequate housing outside Toledo"); *Jaimes III*, 715 F.Supp. at 840-41 ("HUD is accused of more than inactivity or refusal to disturb the status quo ... HUD may not expend federal funds in a manner that promotes or fails to deter discrimination in public housing ... HUD authorizes local housing authorities to use the 'three refusal' policy"); Doc. No. 48 at IX(c) (seeking to enjoin HUD from discriminating).

HUD then notes that the Court in *Jaimes III*, though it discussed both §706(1) and §706(2), did not state which provision it applied. HUD claims this is an ambiguity that needs to be resolved, ignoring the possibility that the Court could have applied both, which this Court finds it did. Further, HUD attempts to resolve the ambiguity by asserting that the only remedy under §706(2) is a remand to the agency. However, HUD's authority for this position does not support that claim. First, HUD cites *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), but omits the beginning of the sentence cited. Read completely, the statement refers only to a situation regarding an incomplete agency record, not the situation at issue here. HUD's other case merely quotes *Florida Power*, including the qualifier HUD omitted. *Safe Extensions, Inc. v. F.A.A.*, 509 F.3d 593, 599 (D.C. Cir. 2007). Also, there is authority holding that §706(2) can

6

apply in this type of scenario. *N.A.A.C.P. v. Sec'y of Hous. & Urban Dev.*, 817 F.2d 149, 160 (1st Cir. 1987). HUD dismisses that case by claiming that it was overruled by *SUWA*, but ignores the alternate holding under §706(2); *SUWA*, unlike *N.A.A.C.P.*, involved only §706(1) and not §706(2) as well. Thus, even if the Court considered HUD's arguments regarding the holding in *SUWA*, HUD has not shown that there would be no applicable waiver of sovereign immunity.

In addition, HUD presents other APA arguments not related to *SUWA*. However, HUD explicitly limits those arguments to only one of the bases for liability (Title VI) found in *Jaimes III* and does not discuss the effect of failure of those claims if other claims (Title VIII) survive. Since HUD has presented no relief available under these arguments, the Court will not consider them.

HUD has failed to qualify for relief from judgment because of *SUWA* under Rule 60(b). Thus, the Court will deny its motion with regard to that ground.

*C. Standing of Named Plaintiffs*

The third threshold issue the parties raised is the continued standing of the named plaintiffs. Doc. No. 245. HUD notes that none of the four original named plaintiffs remain in the LMHA public housing system, rendering their claims moot.[2] However, "*[o]nce a class is certified,* the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (*citing Sosna v. Iowa*, 419 U.S. 393, 399 (1975) (emphasis in original). Not only has the class of Plaintiffs been

---

[2] The parties discuss the issue in terms of standing, but the presence of a live controversy is more accurately described as mootness. The distinction is inconsequential here.

certified for decades, but also HUD admits that it has not challenged the class, at least for the moment. Doc. No. 255 at 16n5. Further, Plaintiffs' class counsel offered to substitute named plaintiffs in response to the concern. Thus, the Court will allow for the substitution of the named plaintiffs before proceedings continue with regard to Plaintiffs' motion to modify.

**IV. CONCLUSION**

For the reasons discussed herein, Defendant HUD's Motion for Relief from affirmative action plan and to dismiss claims (Doc. No. 247) is denied.

                S/ *David A. Katz*
                DAVID A. KATZ
                U. S. DISTRICT JUDGE